**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESS'NN A. AUBERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEVIN ELIJAH, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-01629-LJO-GSA  PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT CLAIM AND THAT PLAINTIFF'S SUPERVISORY LIABILITY CLAIM BE DISMISSED<br><br>(Doc. 1) |

**Findings and Recommendations Following Screening of Plaintiff's Complaint**

**A.　Procedural History**

Plaintiff Ess'nn A. Aubert is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On May 7, 2009, this Court issued a screening order finding that Plaintiff's complaint stated Eighth Amendment claims against Defendants Kevin Elijah and Mario Garcia for use of excessive force but did not state any other cognizable claims for relief (Doc. 10). Plaintiff was ordered either to file an complaint or to notify the Court of his willingness to proceed only on the claims found to be cognizable by the Court.

On May 14, 2009, Plaintiff notified the Court that he is willing to proceed only on his cognizable claims against Defendants Elijah and Garcia (Doc. 11). Based on Plaintiff's notice, this Findings and Recommendations now issues.

**B.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, *supra*, 534 U.S. at 512. A Court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003), *quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); *see also* Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'"), *quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), *quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Plaintiff's Claim**

    **A.    Summary of Complaint**

Plaintiff's complaint arises from a routine body search conducted as Plaintiff returned

2

from the exercise unit to his assigned housing at Kern Valley State Prison, where he still resides. After searching Plaintiff, Defendant Garcia confiscated Plaintiff's state-issued boxer shorts. When Plaintiff requested justification, Garcia replied, "I have the power to." Plaintiff and Garcia then engaged in a brief verbal interchange, ending with several guards, including Defendants Garcia and Elijah, isolating Plaintiff in the rotunda in front of the B section day room. There, Garcia verbally attacked Plaintiff, calling Plaintiff's mother a "bitch" and a "whore," and crudely describing an act of sodomy that he would perform on her. After Plaintiff responded that he loved his mother, who would be proud of him for maintaining his self-control despite the attempt to provoke him, Elijah ordered Garcia to "just kick his ass and do what you want with him so I can kick him out of my building with his smart ass mouth." Plaintiff requested a Lieutenant be called, protesting that Elijah's order endangered his life. Elijah then began to choke Plaintiff, initiating a beating by Elijah, Garcia and other unnamed correctional officers.

**B.    Eighth Amendment Claim - Excessive Force**

Plaintiff claims that Correctional Officers Elijah and Garcia's beating deprived him of his Eighth Amendment right to be free of cruel and unusual punishment. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. *(internal quotation marks and citations omitted)*. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; *see also* Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, *supra*, 503 U.S. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by

the responsible officials, and any efforts made to temper the severity of a forceful response." Ibid. (*internal quotation marks and citations omitted*).

Plaintiff's description of an assault that included choking Plaintiff and beating him with closed fists, pulling out his hair and twisting his fingers is sufficient to state a claim against Defendants Elijah and Garcia.

### C.      Supervisory Personnel - Defendant Hedgpeth

Plaintiff names Warden A. Hedgpeth as a defendant for deliberate indifference to Plaintiff's safety.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  For defendants in supervisory positions, a plaintiff must specifically allege a causal link between each defendant and his claimed constitutional violation.  *See* Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim for relief for supervisory liability, Plaintiff must allege facts indicating that Hedgpeth either personally participated in the alleged deprivation of Plaintiff's constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a deprivation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor, *supra*, 880 F.2d at 1045. Because Plaintiff's complaint does not do so, it fails to state a cognizable claim against Defendant Hedgpeth.

### D.      Conclusion

Plaintiff's complaint states cognizable claims for relief under § 1983 against Defendants Elijah and Garcia for use of excessive physical force. The complaint does not state a cognizable claim for relief under § 1983 against Defendant Hedgpeth for supervisory liability.  Plaintiff was provided with the opportunity to file an amended complaint but elected to proceed only on the excessive physical force claim that the Court found to be cognizable.

Based on Plaintiff's notice filed June 19, 2006, this Court  HEREBY RECOMMENDS that:

1. This action proceed on Plaintiff's complaint, filed November 8, 2007, against Defendants Kevin Elijah and Mario Garcia for use of excessive physical force; and

2. Plaintiff's claim for relief against Defendant A. Hedgpeth for supervisory liability be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under § 1983.

3. The Clerk be directed to reflect on the docket the dismissal of Defendant Hedgpeth from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 1, 2009**        /s/ **Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE