IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESS'NN A. AUBERT, | 1:07-cv-01629-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING REQUEST BY UNITED STATES MARSHAL FOR REIMBURSEMENT OF COSTS BY DEFENDANT KEVIN ELIJAH |
| vs. | |
| ELIJAH, et al., | (Doc. 25.) |
| Defendants. | |

## I. BACKGROUND

Plaintiff, Ess'nn A. Aubert ("Plaintiff"), is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on November 8, 2007. (Doc. 1.) On May 7, 2009, the Court issued an order for Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found cognizable in Plaintiff's complaint by the Court against defendants Kevin Elijah and Mario Garcia. (Doc. 10.) On May 14, 2009, Plaintiff filed written notice to the Court, expressing his willingness to proceed only against defendants Kevin Elijah and Mario Garcia. (Doc. 11.) On June 17, 2009, the Court ordered the United States Marshal ("Marshal") to serve process upon the defendants in this action. (Doc. 15.) On February 8, 2010, the Marshal filed a USM-285 form indicating that on January 21, 2010, personal service was executed upon defendant Kevin Elijah ("Defendant"). (Doc. 25.)

///

On February 8, 2010, the Marshal filed a request for a court order requiring Defendant Elijah to reimburse the costs incurred by the Marshal for personal service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. Id. The Marshal's request is now before the Court.

**II.    DISCUSSION**

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides in part:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

The Marshal requests the Court to impose costs on Defendant for his failure to avoid unnecessary costs. On February 8, 2010, the Marshal filed a USM-285 form indicating that a Waiver of Service form was mailed to Defendant on July 14, 2009, and no response was received. (Doc. 25.) Personal service was executed upon Defendant on January 21, 2010, with costs of $250.25. Id.

The Marshal's request for costs is unwarranted because there was no need for the Marshal to effect personal service upon Defendant. Defendant Kevin Elijah appeared in this action on October 16, 2009, by filing an answer to the complaint. (Doc. 19.) Defendant Elijah also filed a motion for judgment on the pleadings on December 18, 2009. (Doc. 23.) The Court's order of June 17, 2009, which directed the Marshal to serve process in this action, provided that, "In the event that defendants make an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshal Service need not personally serve those defendants." (Doc. 15 at 2 ¶6.) Because Defendant waived service by filing an answer and a dispositive motion, the Marshal did not need to personally serve him, and the request for reimbursement of costs is unwarranted.[1] Therefore, the Court shall deny the Marshal's request for reimbursement.

///

---

[1] The court's electronic docket, which is accessible to the Marshal, shows whether a defendant has made an appearance in an action.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Marshal's request for reimbursement for costs of personal service upon defendant Kevin Elijah, filed on February 8, 2010, is DENIED; and

2. The Clerk is DIRECTED to serve a copy of this order on the United States Marshal, Sacramento, California.

IT IS SO ORDERED.

Dated: **March 1, 2010**    /s/ **Gary S. Austin**
                            UNITED STATES MAGISTRATE JUDGE