IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESS'NN A. AUBERT, | 1:07-cv-01629-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | (Doc. 31.) |
| KEVIN ELIJAH, et al., | ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL |
| Defendants. | |

I. **BACKGROUND**

Plaintiff Ess'nn A. Aubert ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint commencing this action on November 8, 2007. (Doc. 1.) This action now proceeds on Plaintiff's original complaint against defendants Correctional Officer ("C/O") Kevin Elijah and C/O Mario Garcia for use of excessive force against Plaintiff in violation of the Eighth Amendment.[1]

On April 12, 2010, Plaintiff filed a motion to compel further discovery responses from defendant Kevin Elijah ("Defendant").[2] (Doc. 31.) Plaintiff also requests appointment of counsel. On April 26, 2010, Defendant filed an opposition to the motion to compel. (Doc. 32.)

---

[1] All other claims and defendants were dismissed from this action by the Court on July 31, 2009, based on Plaintiff's failure to state a claim. (Doc. 17.)

[2] Defendant Mario Garcia has not been served with process and has not appeared in this action. On October 7, 2009, the United States Marshal filed a Return of Service unexecuted as to defendant Garcia, and on September 21, 2010, the Court directed the Marshal to re-attempt service upon defendant Garcia. (Docs. 18, 36.)

1

## II.     PLAINTIFF'S ALLEGATIONS AND EXCESSIVE FORCE CLAIM [3]

At the time the complaint was filed, Plaintiff was a state prisoner at Kern Valley State Prison ("KVSP"), in Delano, California, where the acts he complains of allegedly occurred. Plaintiff's complaint arises from a routine body search conducted by C/O M. Garcia on January 18, 2007 as Plaintiff returned from the exercise yard to his assigned housing at KVSP. Plaintiff alleges as follows.

After searching Plaintiff, C/O Garcia confiscated Plaintiff's state-issued boxer shorts. When Plaintiff requested justification, C/O Garcia replied, "I have the power to." Plaintiff and C/O Garcia then engaged in a brief verbal interchange, ending with several guards, including C/O Garcia and C/O Elijah, isolating Plaintiff in the rotunda in front of the B section day room. There, C/O Garcia verbally attacked Plaintiff, calling Plaintiff's mother a "bitch" and a "whore," and crudely describing an act of sodomy that he would perform on her. After Plaintiff responded that he loved his mother, who would be proud of him for maintaining his self-control despite the attempt to provoke him, C/O Elijah ordered C/O Garcia to "just kick his ass and do what you want with him so I can kick him out of my building with his smart ass mouth." Plaintiff requested a Lieutenant be called, protesting that C/O Elijah's order endangered his life. C/O Elijah then began to choke Plaintiff, initiating a beating by C/O Elijah, C/O Garcia and numerous other unnamed correctional officers. Plaintiff alleges that the officers struck him with closed fists on his face, head and back, pulled his hair out, violently twisted his fingers and kicked him several times.

Plaintiff brings claims against C/O Elijah and C/O Garcia for use of excessive physical force against Plaintiff, in violation of the Eighth Amendment. Plaintiff requests monetary damages as relief.

**Excessive Force Claim**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of

---

[3] This summary includes Plaintiff's claims in the original complaint found cognizable by the Court on July 31, 2009, and Plaintiff's related allegations, upon which this case now proceeds. (Doc. 17.)

2

decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Therefore, to succeed with his excessive force claim, Plaintiff must prove that Defendants used physical force against him maliciously and sadistically to cause harm, not applied in a good faith effort to maintain or restore discipline.

### III.   MOTION TO COMPEL

Plaintiff moves the court for an order compelling Defendant to provide further responses to Plaintiff's Interrogatories and Request for Production of Documents, dated March 4, 2010.

####   A.   Federal Rules of Civil Procedure 26(b), 33, 34(a) and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject

///

matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

Pursuant to Rule 33, an interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed.R.Civ.P. 33(a)(2). Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed.R.Civ.P. 34(a)(1).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed.R.Civ.P. 37(a)(2)(3). An evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(3). It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (*citing* Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**B.  Discussion**

Plaintiff argues that Defendant should be required to provide further responses to his discovery requests. Plaintiff claims that Defendant failed to answer most of his requests, in an attempt to delay and evade Plaintiff's discovery of relevant information. Plaintiff has not provided copies of the discovery requests at issue or Defendant's responses. The Court therefore relies on the copies of Defendant's responses submitted by Defendant, in which Plaintiff's requests are restated.

**Request for Production of Document**

Plaintiff specifies his Request for Production of Documents No. 3, taking issue with Defendant's objections and asserting that Defendant provided no information in response to Plaintiff's Request.

(1)   Request for Production of Documents No. 3:

Any and all rules, regulations, and policies of the California Department of Corrections about treatments of prisoners when using excessive force, etc.

Defendant's Response:

Objection. Oppressive, burdensome, and vague with respect to the phrase "any and all rules, regulations, and policies ... etc." Also vague as to time. Without waiving these objections, and in the spirit of cooperation, responding party states he will reply after plaintiff limits the scope of the request to documents reasonably calculated to lead to the discovery of admissible evidence in this case.

The Court concurs that this request is vague and burdensome. Plaintiff's request, as written, requires Defendant to examine an unlimited number of rules, regulations and policies written or followed by the CDCR, and it is not clear what is meant by "treatments of prisoners when using excessive force." The Court finds that Defendant properly objected and opened the door for Plaintiff to clarify the request and resubmit it with appropriate limitations. In his motion to compel, Plaintiff maintains that this request requires Defendant to provide information about "disciplinary measures." However, there is no mention of disciplinary measures in Plaintiff's request, and Defendant cannot be expected to respond to a request which was not made. The Court finds Defendant's response to Request for Production of Documents No. 3 to be proper.

(2) **Interrogatories**

With regard to Plaintiff's Interrogatories, Plaintiff asserts that Defendant failed to give straightforward answers, answered in a hostile manner, and lodged objections as a ploy to bar further prosecution. Plaintiff complains in general about Defendant's responses to his Interrogatories and fails to specify which Interrogatories are at issue. The Court has reviewed all six of Plaintiff's Interrogatories and finds Defendant's responses to be appropriate.

(a) Interrogatory No. 1:

Identify and attach a copy of any and all documents relating to prison medical center staff training and education.

Defendant's Response:

Objection. Not reasonably calculated to lead to the discovery of admissible evidence as this case does not involve allegations relating to medical care of training. F.R.Civ.Proc. 26(b)(1). Overbroad, unduly burdensome and vague with respect to "any and all documents relating to prison medical center staff training and education." In addition, this is a request to produce documents, not an interrogatory.

The Court concurs that this interrogatory is not relevant to Plaintiff's claims or reasonably calculated to lead to the discovery of admissible evidence. Documents relating to prison medical center

staff training and education are not relevant to Plaintiff's excessive force claim. Moreover, as Defendant states, this is not an interrogatory. The Court finds Defendant's response to Interrogatory No. 1 to be proper.

    (b)    <u>Interrogatory No. 2</u>:

        Identify and attach a copy of any and all documents showing who was on duty during Routine body search for B-Yard's Building-8, after yard recall on January 18, 2007, Floor officers etc.

        <u>Defendant's Response</u>:

        Objection. Not reasonably calculated to lead to the discovery of admissible evidence. F.R.Civ.Proc. 26(b)(1). Witnesses to the incident were identified on the pertinent Rules Violation Report, and plaintiff makes no claim that unidentified witnesses exist. In addition, this is a request to produce documents, not an interrogatory.

As Defendant states, this is a request for productions of documents, not an interrogatory. Nonetheless, Defendant has responded and refers Plaintiff to the Rules Violation Report for the incident at issue, where witnesses to the incident are identified. The Court finds Defendant's response to Interrogatory No. 2 to be proper.

    (c)    <u>Interrogatory No. 3</u>:

        Identify and attach a copy of any and all documents showing if either defendant has ever been disciplined, etc.

        <u>Defendant's Response</u>:

        Objection. Overly broad, burdensome and vague as to time. Not reasonably calculated to lead to the discovery of admissible evidence. F.R.Civ.Proc. 26(b)(1). As worded, this request seeks documents which could invade other persons' rights to privacy. The request also invades ELIJAH'S right to privacy and could encompass documents protected from disclosure pursuant to Cal. Penal Code §832.7 and Cal. Evid. Code §§1043 and 1046. In addition, this is a request to produce documents, not an interrogatory.

As Defendant states, this is a request for productions of documents, not an interrogatory. The Court concurs that Plaintiff's request is overly broad. The request for "any and all documents showing if either defendant has ever been disciplined, etc." is not sufficiently limited in scope to be relevant to Plaintiff's claims. The Court finds Defendant's response to Interrogatory No. 3 to be proper.

    (d)    <u>Interrogatory No. 4</u>:

        Defendant KEVIN ELIJAH, do you recall stateing [*sic*] hiting [*sic*] Plaintiff, in the face numerous times with a closed fist.

Defendant's Response:

Objection. Unintelligible. Without waiving this objection, and in the spirit of cooperation, if plaintiff is asking whether ELIJAH recalls hitting plaintiff in the face numerous times with a closed fist, or stating that he did, ELIJAH responds that, after AUBERT began swinging his fists and struck ELIJAH in the left eye area, ELIJAH defended himself against AUBERT'S sudden attack by striking AUBERT more than once in the facial area.

The Court finds Defendant's response to Interrogatory No. 4 to be proper.

(e)   Interrogatory No. 5:

Defendant KEVIN ELIJAH, do you recall seeing plaintiff stricking out at defendant, Mario Garcia.

Defendant's Response:

Objection. Vague and ambiguous. If plaintiff means, does ELIJAH recall seeing plaintiff striking out at Officer Garcia, the answer is yes.

The Court finds Defendant's response to Interrogatory No. 5 to be proper.

(f)   Interrogatory No. 6

State the names and address [*sic*] or otherwise identify and locate any person who, to you or your attorney's knowledge, claims to know of facts relevant to the conduct described in these interrogatories.

Defendant's Response:

Objection. Vague and ambiguous as to the term "conduct." Without waiving this objection, if by "conduct" plaintiff means the January 18, 2007 incident involving Officers ELIJAH and Garcia, the following persons may have facts relevant to this conduct.

1. Kevin Elijah. He may be contacted through his attorney.
2. Mario Garcia
3. Officer E. Polanco
   c/o KVSP Litigation Coordinator
   PO Box 6000
   Delano, CA 93216
4. Officer D. Williams
   c/o KVSP Litigation Coordinator
   PO Box 6000
   Delano, CA 93216
5. Officer J. Spurgeon
   c/o KVSP Litigation Coordinator
   PO Box 6000
   Delano, CA 93216
6. MTA A. Bogle
   c/o KVSP Litigation Coordinator
   PO Box 6000
   Delano, CA 93216

| | | |
|---|---|---|
| 7. | Sergeant E. Lascano | |
| | c/o KVSP Litigation Coordinator | |
| | PO Box 6000 | |
| | Delano, CA 93216 | |
| 8. | Captain R. Fisher, Jr. | |
| | c/o KVSP Litigation Coordinator | |
| | PO Box 6000 | |
| | Delano, CA 93216 | |
| 9. | Lieutenant F.J. Reynoso | |
| | c/o KVSP Litigation Coordinator | |
| | PO Box 6000 | |
| | Delano, CA 93216 | |
| 10. | Dr. Patel | |
| | c/o KVSP Litigation Coordinator | |
| | PO Box 6000 | |
| | Delano, CA 93216 | |
| 11. | Lieutenant M.J. Jeffries | |
| | c/o KVSP Litigation Coordinator | |
| | PO Box 6000 | |
| | Delano, CA 93216 | |
| 12. | Captain J.D. Soto | |
| | c/o KVSP Litigation Coordinator | |
| | PO Box 6000 | |
| | Delano, CA 93216 | |
| 13. | Associate Warden S.L. Kays | |
| | c/o KVSP Litigation Coordinator | |
| | PO Box 6000 | |
| | Delano, CA 93216 | |
| 14. | Officer J.P. Smith | |
| | c/o KVSP Litigation Coordinator | |
| | PO Box 6000 | |
| | Delano, CA 93216 | |
| 15. | Officer J. Palmer | |
| | c/o KVSP Litigation Coordinator | |
| | PO Box 6000 | |
| | Delano, CA 93216 | |
| 16. | Williams (X-Ray Tech) | |
| | c/o KVSP Litigation Coordinator | |
| | PO Box 6000 | |
| | Delano, CA 93216 | |

The Court finds Defendant's response to Interrogatory No. 6 to be proper.

## IV.    REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff requests appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997).

1 Without a reasonable method of securing and compensating counsel, this court will seek volunteer
2 counsel only in the most serious and exceptional cases.

3 In the present case, the court does not find the required exceptional circumstances. See Rand,
4 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made
5 serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court
6 is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel
7 shall be denied.

**V.    CONCLUSION AND ORDER**

Based on a review of the arguments and evidence submitted by the parties, the Court finds Defendant's responses to Plaintiff's discovery requests to be proper. Therefore, Plaintiff's motion to compel shall be denied. Plaintiff's request for appointment of counsel shall also be denied, based on the analysis written above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel further responses to Plaintiff's discovery requests, filed on April 12, 2010, is DENIED; and
2. Plaintiff's request for appointment of counsel, filed on April 12, 2010, is DENIED.

IT IS SO ORDERED.

Dated:    **October 13, 2010**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE