1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   ESS'NN A. AUBERT,                      1:07-cv-01629-LJO-GSA-PC

12                  Plaintiff,              ORDER GRANTING IN PART
                                            DEFENDANTS' MOTION FOR LEAVE
13       v.                                 TO CONDUCT DEPOSITIONS BY
                                            VIDEOCONFERENCE
14   KEVIN ELIJAH, et al.,
                                            (Doc. 55)
15                  Defendants.
     _____/

16

17   **I.      BACKGROUND**

18           Plaintiff Ess'nn A. Aubert, is a state prisoner proceeding pro se and in forma pauperis with

19   this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

20   action on November 8, 2007.  (Doc. 1.)  On May 5, 2011, the Court issued a scheduling order

21   establishing pre-trial deadlines in this action.  (Doc. 20.)  This action is currently in the discovery

22   phase, and on June 23, 2011, Defendants filed a motion pursuant to Rule 30(b)(4) seeking leave to

23   conduct depositions of Plaintiff and all witnesses by videoconference.  Fed. R. Civ. P. 30(b)(4).

24   **II.     RULE 30(b)(4) - DEPOSITION BY REMOTE MEANS**

25           Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that "[t]he parties may

26   stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote

27   means." Fed. R. Civ. P. 30(b)(4).  Defendants request leave to conduct the deposition of Plaintiff,

28   and all witnesses, via videoconference, due to budgetary conditions.  Defendants seek to eliminate

                                             1

1   unnecessary travel expenses which would be incurred if defense counsel is required to travel to

2   Corcoran, California, where Plaintiff is incarcerated, to take Plaintiff's deposition.  Defendants also

3   assert that the California Department of Corrections and Rehabilitation is operating under severe

4   financial constraints, which limit its travel expenditures.

5          Defendants have presented good cause to take Plaintiff's deposition by videoconference.

6   Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility in Corcoran,

7   California, and is unable to easily travel to another location for a deposition.  Counsel for Defendants

8   assert that they are located "approximately 235 miles away" in Sacramento, California, and would

9   incur considerable travel expenses to conduct Plaintiff's deposition in Corcoran.  (Motion, Doc. 55

10  at 1:22-23.)  Therefore, Defendants' request shall be granted with respect to Plaintiff's deposition.

11  However, the Court declines to grant blanket permission to conduct all depositions of witnesses in

12  this case by videoconference.  Depositions by remote means may not be acceptable under all

13  circumstances, and Defendants have not addressed the circumstances of individual witnesses, besides

14  Plaintiff, they seek to depose.

15  **III.   CONCLUSION**

16         Based on the foregoing, IT IS HEREBY ORDERED that Defendants' request to conduct

17  depositions by videoconference is GRANTED IN PART and DENIED IN PART, as follows:

18         1.      Good cause appearing, Defendants' request for leave to conduct Plaintiff's deposition

19                 by videoconference pursuant to Rule 30(b)(4) is GRANTED; and

20         2.      Defendants' request for leave to conduct depositions of other witnesses in this case

21                 by videoconference is DENIED, without prejudice.

22

23    IT IS SO ORDERED.

24  **Dated:    August 10, 2011**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

25

26

27

28