1
2
3
4

# UNITED STATES DISTRICT COURT

5

## EASTERN DISTRICT OF CALIFORNIA

6
7

| | |
|---|---|
| ESS'NN AUBERT, | 1:07-cv-01629-LJO-GSA-PC |
| Plaintiff, | ORDER PERMITTING PLAINTIFF OPPORTUNITY TO WITHDRAW OPPOSITION AND FILE AMENDED OPPOSITION IN LIGHT OF SEPARATELY ISSUED NOTICE |
| v. | |
| KEVIN ELIJAH, et al., | (Doc. 61.) |
| Defendants. | THIRTY-DAY DEADLINE |

8
9
10
11
12
13

_____/

14   **I.      BACKGROUND**

15        Plaintiff Ess'nn Aubert ("Plaintiff") is a prisoner proceeding pro se with this civil rights

16   action pursuant to 42 U.S.C. § 1983.  This action now proceeds with Plaintiff's original Complaint,

17   filed on November 8, 2007, against defendants C/O Kevin Elijah and C/O Mario Garcia, for use of

18   excessive force in violation of the Eighth Amendment.[1]  (Doc. 1.)

19        On March 15, 2012, defendant Garcia ("Defendant") filed a motion for summary judgment.

20   (Doc. 61.)  On April 13, 2012, April 16, 2012, and April 17, 2012, Plaintiff filed documents in

21   opposition to the motion.  (Docs. 64-69.)  Defendant has not filed a reply.

22
23   **II.     OPPORTUNITY FOR PLAINTIFF TO WITHDRAW OPPOSITION AND FILE AMENDED OPPOSITION, IF HE SO WISHES**

24        In light of the recent decision in <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012), Plaintiff

25   must be provided with "fair notice" of the requirements for opposing a motion to dismiss for failure

26   to exhaust remedies at the time the motion is brought, and the notice given in this case some three

27

28        [1]On July 31, 2009, all of Plaintiff's other claims and defendants were dismissed by the Court, based on Plaintiff's failure to state a claim.  (Doc. 17.)

1 | years ago does not suffice. On July 12, 2012, the Court provided the requisite notice. (Doc. 70.)
2 | By separate order entitled "Amended Second Informational Order - Notice and Warning of
3 | Requirements for Opposing Defendants' Motion to Dismiss," issued concurrently with this order,
4 | the Court has again provided the requisite notice. Plaintiff shall be allowed to withdraw his
5 | previously-filed opposition and file an amended opposition to the motion for summary judgment,
6 | if he so wishes. The Court will not consider multiple oppositions, however, and Plaintiff has two
7 | options upon receipt of the notice and this order. Plaintiff may either (1) stand on his previously-
8 | filed opposition, or (2) withdraw it and file an amended opposition. Plaintiff's amended opposition,
9 | if any, must be complete in itself and may not refer back to the prior opposition.[2]

**III.    CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff may, within **thirty (30) days** from the date of service of this order, withdraw his opposition to Defendant Garcia's motion for summary judgment and file an amended opposition as instructed by this order;

2.    If Plaintiff does not file an amended opposition in response to this order, his existing opposition will be considered in resolving Defendant Garcia's motion for summary judgment; and

3.    If Plaintiff elects to file an amended opposition, Defendant Garcia may file a reply pursuant to Local Rule 230(l).

IT IS SO ORDERED.

**Dated:    August 23, 2012**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

[2]Local Rule 220 provides, in part, "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superceded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading."