UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESS'NN A. AUBERT,<br><br>      Plaintiff,<br><br>    vs.<br><br>CORRECTIONAL OFFICERS KEVIN ELIJAH AND MARIO GARCIA,<br><br>      Defendants. | 1:07-cv-01629-LJO-GSA-PC<br><br>ORDER GRANTING DEFENDANTS' MOTION IN LIMINE #1<br>(Doc. 97.)<br><br>ORDER DENYING DEFENDANTS' MOTION IN LIMINE #2<br>(Doc. 98.)<br><br>ORDER GRANTING DEFENDANTS' MOTION IN LIMINE #3<br>(Doc. 99.) |

**I.    BACKGROUND**

This civil rights action, brought pursuant to 42 U.S.C. § 1983, proceeds on the original Complaint filed by state prisoner Ess'nn A. Aubert ("Plaintiff") on November 8, 2007, against defendants Correctional Officers (C/O) Kevin Elijah and Mario Garcia ("Defendants"), for use of excessive force against Plaintiff, in violation of the Eighth Amendment. (Doc. 1.)[1] This case is presently set for trial before the undersigned on November 5, 2013.

On September 13, 2013, Defendants filed three motions in limine (Motion #1, Motion #2, and Motion #3), which are now before the court. (Docs. 97, 98, 99.) On September 30,

---

[1] On July 31, 2009, the court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 17.)

1

2013, Plaintiff filed an opposition to Defendants' Motion #2.  (Doc. 105.)  Plaintiff has not filed any opposition to Defendants' Motion #1 or Motion #3.  (Court Record.)

## II.    LEGAL STANDARDS

### A.    Motions in Limine

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984).  "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings."  Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997).  A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence.  Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises.  Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975).  Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury.  Jonasson, 115 F.3d at 440.

### B.    Federal Rules of Evidence

Under Rule 401 of the Federal Rules of Evidence, "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable that it would be without the evidence, and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Relevant evidence is admissible, with some exceptions, but irrelevant evidence is not admissible.  Fed. R. Evid. 402.  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

///

Under Rule 404(a), "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a).  Rule 404(b) provides that "[e]vidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence [of a crime, wrong or other act] may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Under Rule 411, "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411.

"'Hearsay' means a statement that (1) the declarant does not make while testifying at the current trial or hearing, and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).  Hearsay is not admissible, with exceptions. Fed. R. Evid. 802.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

## III. DEFENDANTS' MOTION IN LIMINE #1

In Motion #1, Defendants seek to preclude Plaintiff from "referencing, alluding to, or otherwise mentioning to the jury through testimony or other means, that the State of California or the California Department of Corrections [and Rehabilitation] would be liable for paying for any judgment for damages that plaintiff may be awarded." (Doc. 97 at 1:17-21.)  Defendants argue that such information is not relevant and would be highly prejudicial.  Defendants also argue that such evidence is tantamount to evidence of insurance which is improper.  Fed. R. Evid. 411.  Plaintiff has not filed an opposition to Motion #1.

///

3

**Discussion**

Evidence that the State of California or the CDCR would be liable for paying for any judgment for damages that Plaintiff may be awarded is not relevant to this action. Therefore, this evidence is not admissible, and Defendants' Motion #1 shall be granted.

## IV. DEFENDANTS' MOTION IN LIMINE #2

In Motion #2, Defendants seek to preclude Plaintiff from "referencing, alluding to, or otherwise mentioning to the jury through testimony or other means, the California Code of Regulations, Title 15 which are listed as exhibits which plaintiff intends to offer as evidence." (Doc. 98 at 1:16-19.) Defendants argue that the Regulations are inadmissible because they are hearsay, lack authentication, and make an improper legal argument. Defendants also argue that admitting the Regulations as evidence would confuse the jury and would be more prejudicial than probative.

In opposition, Plaintiff argues that the Regulations are not hearsay, do not lack authentication, are not improper legal argument, would not confuse the jury, and would not be more prejudicial than probative. Plaintiff argues that he should be allowed to offer Regulations as evidence, because Defendants rely on a Regulation to prove that defendant Garcia had the right to take Plaintiff's boxer shorts. Plaintiff also argues that the Regulations, which all peace officers must follow, govern the use of force.

**Discussion**

Laws are not hearsay, because they are not assertions of anything. Therefore, State Regulations are not inadmissible as hearsay.

If a State Regulation is relevant to this action, Plaintiff is not precluded from discussing it or offering it as evidence. Generally, the entire law is not relevant, and only the relevant part will be admitted. A law must be authenticated before being placed in evidence, because it must be established that it was the law at the relevant time. There should be no confusion for the jury if the law is properly authenticated and the only part of the law admitted is the relevant part.

///

Although there are no pending state claims in this action, the jury is permitted to consider whether or not a party violated a State Regulation, along with other facts, when determining whether a constitutional right has been violated.

Therefore, Defendants' Motion #2 shall be denied, and Plaintiff is not precluded from discussing or offering relevant State Regulations as evidence.

## V.  DEFENDANTS' MOTION IN LIMINE #3

In Motion #3, Defendants seek to preclude Plaintiff from "referencing, alluding to, questioning any witnesses about or otherwise in any way conveying to the jury any question or information about whether either of the defendants has ever been sued before or whether they have ever had a 602 inmate grievance filed against them." (Doc. 99 at 1:16-20.) Defendants argue that the probative value of such questions is outweighed by the danger that the jury would be prejudiced against the defendants. Defendants also argue that such questions would waste the court's time on issues not relevant to the question at issue, whether excessive force was used by the Defendants on January 18, 2007. In addition, Defendants argue that such an inquiry would violate of Rule 404(a) which provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a).

Plaintiff has not filed an opposition to Motion #3.

**Discussion**

While evidence of other lawsuits or grievances filed against Defendants may be relevant to the issues in this action, Defendants' arguments that allowing such evidence would be more prejudicial to Defendants than probative of the incident at issue, and that the jury may be misled, have merit. Further, under Federal Rules of Evidence 404, Plaintiff is not permitted to admit evidence of a Defendant's character -- or other crimes, wrongs, or acts by either Defendant -- to prove the Defendant acted in accordance with his character. Moreover, Plaintiff has not opposed Defendants' motion. Therefore, Defendants' Motion #3 shall be granted.

///

## VI. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' Motion in Limine #1 is GRANTED, and Plaintiff is precluded from mentioning to the jury through testimony or other means that the State of California or the CDCR would be liable for paying for any judgment for damages that Plaintiff may be awarded;

2. Defendants' Motion in Limine #2 is DENIED, and Plaintiff is not precluded from discussing or offering relevant State Regulations as evidence; and

3. Defendants' Motion in Limine #3 is GRANTED, and Plaintiff is precluded from conveying to the jury any question or information about whether either of the Defendants has ever been sued before or ever had a 602 inmate grievance filed against him.

IT IS SO ORDERED.

Dated:   **October 30, 2013**                  **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE